IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jerry Walker, et al.,                                 Case No. 3:08 CV 1007

            Plaintiffs,            MEMORANDUM OPINION
                                   AND ORDER

      -vs-

                                   JUDGE JACK ZOUHARY

State Farm Fire & Casualty Company,

            Defendant.

This matter is before the Court on Plaintiffs' Motion to Remand (Doc. No. 4); Defendant's Opposition (Doc. No. 8); and Plaintiffs' Reply (Doc. No. 10). On April 18, 2008, Defendant filed a Notice of Removal (Doc. No. 1) from the Lucas County Court of Common Pleas. Defendant maintains subject matter jurisdiction under 28 U.S.C. § 1332 is established because: the parties are citizens of different states (Plaintiffs are citizens of Ohio and Defendant is a citizen of Illinois); and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Plaintiffs move to remand the case asserting the amount in controversy does not meet the jurisdictional threshold.

The party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). If the complaint does not provide sufficient evidence of the value of the claim, the Court may rely on summary judgment type evidence to establish the amount in controversy. *See Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

Plaintiffs seek to recover damages from Defendant under its insurance policy as a result of a theft that occurred on December 4, 2006. The Sworn Proof of Loss (Doc. No. 8, Ex. C) shows damages of $52,010.34. Defendant also asserts that "[t]his amount, combined with attorneys' fees, extra contractual damages and interest makes the amount in controversy in excess of $75,000.00." However, Section 1332 specifically excludes costs and interest from the $75,000 requirement. Furthermore, attorney fees are only aggregated with damages when authorized by statute or contractual obligation. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007). Because Plaintiffs' claims are based on state law, any statutory authorization for attorney fees must also follow state law. *Id.* Ohio has no statute for Plaintiffs to recover attorney fees; they must, instead, rely on their claim of bad faith. *See Reagans v. MountainHigh Coachworks, Inc.*, 117 Ohio St.3d 22, 31 (2008). However, Ohio does not authorize attorney fees for insurance bad faith claims without an award of punitive damages. *See TOL Aviation, Inc. v. Intercargo Ins. Co.*, Nos. L-05-1308, L-06-1050, 2006 WL 3334556, at *15 (Ohio App. Nov. 17, 2006). The prayer of the Complaint does not ask for punitive damages. Therefore, attorney fees are not available.

Defendant also fails to provide any evidence, such as the insurance policy, to identify a contractual obligation to pay attorney fees. The only remaining avenue to reach the $75,000 threshold is the claim for bad faith. However, Defendant fails to provide evidence of bad faith damages, let alone any amount. Defendant, as the removing party, bears the burden to establish a controversy exceeding $75,000. A cursory statement falls significantly short of meeting this burden.

Finally, Defendant claims that Plaintiffs' refusal to stipulate that the amount in controversy is less than $75,000 is "further proof" that the actual damages reach the jurisdictional threshold. The lack of a stipulation provides the Court no additional evidence that the actual damages exceed

2

$75,000. *See Davis v. BASF Corp.*, No. Civ. 03-40198, 2003 WL 23018906, at *2 (E.D. Mich. Nov. 24, 2003) (if plaintiff refuses to stipulate that damages are below the jurisdictional amount, "the case cannot be removed based solely on this refusal").

Defendant fails to meet its burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement of $75,000. Therefore, Plaintiffs' Motion to Remand is granted and the case is remanded back to the Lucas County Court of Common Pleas.

IT IS SO ORDERED.

                                                 s/ *Jack Zouhary*
                                                JACK ZOUHARY
                                                U. S. DISTRICT JUDGE

May 29, 2008